UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 704, <br> 77 West Jackson Boulevard, <br> Room R 1708 Chicago, IL 60604 <br><br> *Plaintiff*, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY <br> 1200 Pennsylvania Avenue NW, <br> Washington, DC 20004 <br><br> *Defendant*. | CIVIL ACTION NO. 1:22-cv-3207 <br><br> **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff American Federation of Government Employees Local 704 ("Plaintiff" or "AFGE Local 704") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the Environmental Protection Agency ("Defendant" or "EPA") to disclose documents requested pursuant to FOIA. Specifically, AFGE is seeking documents related to the agency's remote work policy for employees of EPA's Region 5 Office and its application to specific employees.

2. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all of the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. Plaintiff, AFGE Local 704, is a locally chartered labor organization of the American Federation of Government Employees headquartered in Chicago, Illinois representing employees of EPA's Region 5 Office in Chicago.

8. Among other labor organizing activities, AFGE Local 704 engages in advocacy, research, education, and negotiations with EPA concerning the conditions of its members' employment with the agency, including the availability of telework during the ongoing COVID-19 pandemic.

9. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

*First Request: EPA-2022-004110*

11. On May 6, 2022, Ms. Nicole Cantello, President of AFGE Local 704, submitted a FOIA request to EPA via the FOIAOnline.gov portal (hereinafter "FOIAOnline"), which assigned it index number EPA-2022-004110. Her request sought records relating to EPA's telework policies. Specifically, she requested:

    1. [C]opies of all "EPA-NTEU Telework Agreements," "EPA-AFGE Remote Work Application/Agreements" (also known as EPA Form 3181-10) and "Remote Work Agreements" (also know as EPA Form 3181-7) that have been approved by: any Deputy Assistant Administrator (or designee), any Deputy Regional Administrator (or designee), any Deciding Official (or their designees), any Approval Official (or designee), anyone in the Office of General Counsel, or anyone else; and
    2. For each EPA employee who is in EPA management who has been approved at some point in 2022 to work full time after May 2, 2022, from an Alternative Work location other than the Official Agency Worksite, please provide a copy of the document or document indicating that the employee has been approved to work full time.

12. Her request was for all such documents from anywhere within EPA, including but not limited to all EPA Headquarters Offices and all Regions.

13. On August 31, 2022, EPA's Office of Mission Support (OMS) delivered a letter to Ms. Cantello stating that due to the complexity of the request they were taking an additional ten working days to respond to her request pursuant to 40 C.F.R. § 2.104(e).

14. Subsequent to the delivery of that letter, the Estimated Date of Completion on FOIAOnline changed to November 4, 2022.

15. Since August 31, 2022, Plaintiff has received no further correspondence from EPA concerning its FOIA request.

*Second Request: EPA-R5-2022-004130*

16. On May 9, 2022, Ms. Cantello submitted a second FOIA request to EPA via FOIAOnline, which assigned it index number EPA-R5-2022-004130. Her second request sought "information, documents and other materials related to, or concerning, Region 5, EPA's March 8, 2022 denial of a Remote Work application (Denial) submitted to the agency on February 3, 2022 by Mr. David Ogulei," an EPA Region 5 employee.

17. Specifically, as part of the request, Ms. Cantello sought:

    1. A copy of a 2019 Policy document issued by the Air and Radiation Division, Region 5, EPA cited several times in Mr. Ogulei's Denial. The Policy is referred to in the Denial as the "2019 Air and Radiation Division Policy allowing supervisors to require staff be physically present in the office one day per week." The document is cited in Mr. Ogulei's Routing Sheet (February 5, 2022, Genevieve Damico) and by Cheryl Newton in her February 17, 2022 email to Willard Lowe discussing Mr. Ogulei's Remote Work application. AFGE requests that a copy of this document be promptly produced to Mr. Ogulei by the Agency, as AFGE has not identified any applicable privilege that would apply to this document.
    2. A unredacted copy of an email dated February 28, 2022, sent at 9:08am, from Willard Lowe to Genevieve Damico, concerning Mr. Ogulei's Remote Work application.
    3. A unredacted copy of an email dated February 28, 2022, sent at 9:13am, from Willard Lowe to Genevieve Damico, concerning Mr. Ogulei's Remote Work application.
    4. Unredacted copy of one or more emails, starting with an email dated March 4,2022, sent at 6:57am, from Willard Lowe to Cheryl Newton, concerning Mr. Ogulei's Remote Work application. It is not clear from the redactions whether the redactions are of one email message or multiple email messages. If multiple email messages have been

   redacted, provide completely unredacted copies of all these email messages.
5. Any information, document and/or materials related to or concerning, in any way, Mr. Ogulei's Remote Work application and/or denial.
6. Any information, document, record and/or other materials, including emails, texts, meeting invitations, notes, call logs, etc., on Agency or personal devices, in which this Region 5, EPA employee's Remote Work application or denial is considered, mentioned or discussed.
7. Any information, document, record and/or other materials, created by, sent to or received by any employee, supervisor, manager in Region 5, EPA employee concerning or discussing the review, approval and/or denial of Remote Work for this employee.
8. Any information, document and/or other materials, showing that any of the managers of the Air and Radiation Division and or the Mission Support Division reviewed or discussed the approval or denial of this Region 5, EPA employee's Remote Work application prior to his denial.
9. Any information, document or other materials produced by, or issued from the Mission Support Division that concerning the review and approval of Remote Work for Region 5, EPA employees.
10. Any information, document or other materials sent by, or issued from Amy Sanders of the Mission Support Division that concerning the review and approval of Remote Work for Region 5, EPA employees.
11. Any information, document or other materials sent by, or issued from Richard Marlinga of the Mission Support Division that concerning the review and approval of Remote Work for Region 5, EPA employees.
12. Any information, document or other materials produced by, or issued from Chery Newton, Deputy Regional Administrator concerning the review and approval of Remote Work for Region 5, EPA employees.
13. Any information, document or other materials that identify the annual costs, or cost savings, that would result from the approval of Remote Work for this Region 5, EPA employee.
14. Any information, documents and/or other materials, that identify the estimated annual costs, if any, that would result from the recall of this Region 5, EPA employee from his or her Remote Work Location
15. Any information, document and/or and other materials that the Agency relied upon to calculate or identify any estimated costs

associated with this Region 5, EPA employee's Remote Work application or of the approval of Remote Work for this Region 5, EPA employee.

16. Any information, document and/or and other materials that have been, or are being used, to calculate the estimated costs to the Agency of Remote Work for Region 5, EPA employees.

17. Any information, document and/or and other materials that discusses the current or anticipated requirement of any Region 5, EPA employee or group of employees to be onsite at Region 5, EPA's off ices to manage records, either their own records or those of others, including, but not necessarily, in order to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011, and NARA and OMB Memorandum M-19-21, Transition to Electronic Records, June 28, 2019, or any similar requirement, i.e. that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

18. Any information, document and/or and other materials, describing or discusses a "all-hands on deck" approach, or similar statement, requiring all or a majority of Region 5, EPA employees to be onsite to manage records, during 2022, to support Region 5, EPA's efforts to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011, and NARA and OMB Memorandum M-19-21,Transition to Electronic Records, June 28, 2019, or any similar requirement, i.e. that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

19. Any information, document and/or and other materials identifying the number of FTEs and/or the number of Region 5, EPA budget dollars/percentage of the Region 5 budget since 2019 dedicated to Region5, EPA's efforts to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011, and NARA and OMB Memorandum M-19-21, Transition to Electronic Records, June 28, 2019, or any similar requirement, i.e. that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

20. Any information, document and/or and other materials identifying the current number of FTEs and/or the number of Region 5,EPA budget dollars/percentage of the Region 5 budget currently dedicated to Region 5, EPA's efforts to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011,

  and NARA and OMB Memorandum M-19-21, Transition to Electronic Records, June 28, 2019, or any similar requirement, i.e. that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

21. Any information, document and/or and other materials concerning any contracts or contractor support since 2019 dedicated to Region 5, EPA's efforts to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011, and NARA and OMB Memorandum M-19-21, Transition to Electronic Records, June 28, 2019, or any similar requirement, i.e., that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

22. Any information, document and/or and other materials that identify any current contracts or contractor support and/or anticipated contracts or contractor support during 2022 or 2023 dedicated or anticipated to be dedicated to Region 5, EPA's efforts to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011,and NARA and OMB Memorandum M-19-21, Transition to Electronic Records, June28, 2019, or any similar requirement, i.e., that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

23. Any information, document and/or and other materials concerning the use or requirement of non-recordkeeping employees, i.e. employees whose position description does not require, or primarily require, record-keeping responsibilities, to manage records in the Region to comply with the Presidential Memorandum, Managing Government Records, November 28, 2011, and NARA and OMB Memorandum M-19-21, Transition to Electronic Records, June 28, 2019, or any similar requirement, i.e., that the Agency must meet the executive branch-wide effort to reform records management policies and practices and transition to electronic records management by the end of 2022.

18. EPA has made three releases of records responsive to this request.

19. On June 2, 2022, EPA uploaded 16 documents to the FOIAOnline page affiliated with request EPA-R5-2022-004130.

20. Additionally, on June 27, 2022, EPA uploaded another file, titled "Blank record for Interim Release 2" with no file extension and no contents, to FOIAOnline. Two redacted documents had been provided to Plaintiff by email on June 24, 2022, after an awareness review was completed, as the contents of the second interim release.

21. On October 7, 2022, EPA informed Plaintiff that three more documents would be released after awareness review was completed. And on October 13, 2022, EPA uploaded a file titled "Blank record for Interim Release 3" with no file extension and no contents to FOIAOnline. Three documents were provided by email to Plaintiffs on the same day.

22. FOIAOnline provides estimated dates of completion for FOIA requests submitted through it. The EPA has set the estimated date of completion for this request as June 16, 2024, a date almost two years in the future and long past the time when any of the requested records will be most relevant for Plaintiff's labor organizing and advocacy activities.

23. On June 13 and 14, 2022, EPA FOIA staff reached out to Plaintiff to discuss the scope of the request, and in those discussions Plaintiff agreed to narrow the request by no longer requesting records management documents described in paragraphs 17 to 23, above. Nevertheless, in light of this concession to narrow the request, EPA did not update the estimated date of completion to any nearer date.

24. Plaintiff has received no further communications from EPA regarding this request.

**CAUSE OF ACTION**

25. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

26. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

27. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

28. FOIA requires agencies to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

*First Count: Freedom of Information Act Request EPA-2022-004110*

29. Plaintiff filed FOIA request EPA-2022-004110 on May 6, 2022. Twenty working days from that date was June 6, 2022. An additional ten working days would be June 21, 2022.

30. As of the date of this filing, Plaintiff has not received a final determination with respect to its FOIA request.

31. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its FOIA request, Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

32. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately advocate for and educate its members regarding the EPA's telework policies and their potentially unequal application to different employees.

33. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

34. Defendant's failure to disclose the documents requested in Plaintiff's FOIA request within the time frames mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

*Second Count: Freedom of Information Act Request EPA-R5-2022-004130*

35. Plaintiff filed FOIA request EPA-R5-2022-004130 on May 9, 2022. Twenty working days from that date was June 9, 2022.

36. As of the date of this filing, Plaintiff has not received a final determination with respect to its FOIA request.

37. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its FOIA request, Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

38. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately advocate for and educate its members regarding the EPA's telework policies and their potentially unequal application to different employees.

39. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

40. Defendant's failure to disclose the documents requested in Plaintiff's FOIA request within the time frames mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on October 20, 2022

s/ *Hudson Kingston*
Hudson B. Kingston, DC Bar # 1007702

Monica I. Mercola
NY Bar # 5875240
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*